THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Joey Dwayne
 Camper, Respondent,
 
 
 

v.

 
 
 
 Tuesday Elaine
 Santiago, Appellant.
 
 
 

Appeal From Anderson County
 Tommy B. Edwards, Family Court Judge

Unpublished Opinion No. 2009-UP-001
 Heard September 16, 2008  Filed January
5, 2009    

REVERSED AND REMANDED

 
 
 
 Tom W. Dunaway, III, of Anderson, for  Appellant.
 Nancy Jo Thomason, of Anderson, for Respondent.
 Amy C. Sutherland, of Greenville, for Guardian Ad Litem.
 
 
 

PER CURIAM:  This
 is a custody dispute.  The family court awarded care, custody, and control of
 the parties son (Child) to Joey Dwayne Camper.  Tuesday Elaine Santiago, Childs
 mother, appeals.  We reverse and remand.
FACTS AND
 PROCEDURAL HISTORY
Child was born to Santiago and Camper on September 29,
 2001.  Santiago and Camper met when Santiago was fourteen and Camper was twenty-one. 
 They lived together several years, never married, and separated when Child was twenty
 months old.
In 2004, the parties reached a full and final
 agreement concerning Childs placement.  Under the agreement, Santiago would
 have sole legal custody and primary placement of Child, and Camper was to pay
 child support and have reasonable visitation.  On May 24, 2004, the family
 court filed an order incorporating the agreement.
In July 2004, Santiago relocated with Child to Houston, Texas.  Camper, however, did not become aware of
 the move until July 20, 2004, when he arrived at Childs daycare facility to
 pick Child up for a visit and was told by the daycare owner that Santiagos mother had called and advised that Child would not be coming back.  After
 unsuccessfully attempting to reach Santiago by telephone and in person, Camper
 went to the office of the attorney who had represented him at the custody
 hearing and learned that the attorney had received an e-mail advising her that Santiago was moving to Texas.
Later that month,
 Camper filed the present action, requesting temporary and permanent custody of Child,
 child support from Santiago, and attorneys fees and costs.  Pursuant to
 Campers motion, the family court set an emergency temporary hearing on July
 30, 2004, to determine the issues of temporary custody, child support, and
 attorneys fees.
By order dated
 August 11, 2004, and filed August 23, 2004, the family court found, among other
 things:  (1) Santiagos move to Texas prevented Camper from exercising his
 court-ordered visitation rights with Child; (2) there was no showing that
 Santiagos move would substantially benefit Child and, if Child were to
 continue to live with Santiago in Texas, this would greatly diminish Campers right
 to participate in Childs upbringing; and (3) Santiagos move constituted a
 substantial change in conditions enabling the family court to alter or amend
 the prior custody order.  Based on these findings, the family court granted the
 parties temporary joint custody if Santiago returned to South Carolina.  In the
 alternative, if Santiago chose to remain in Texas, Camper would have temporary
 custody of Child and Santiago would have visitation every other weekend.  Santiago chose to remain in Texas, and as a result the family court issued another order
 on September 20, 2004, granting Camper temporary custody of Child, awarding
 visitation to Santiago, and ordering Santiago to pay child support.  
While the case was
 pending, Santiago married and unsuccessfully sought to change the custody
 arrangement to a shared placement plan.  By consent of the parties and with the
 approval of the family court, however, Santiago received more time with Child
 during her weekend visits and extended visitation during the holiday season.
The family court
 held a final hearing in the matter in 2006.[1] 
 On October 31, 2006, the family court issued and filed an order granting Camper
 care, custody, and control of Child and awarding liberal visitation to Santiago.  In reaching this decision, the court found that, despite Santiagos explanation
 that she had moved to Texas for better job opportunities, the primary reason
 for her move was to be with her boyfriend.  In addition, the court questioned
 her honesty and forthrightness in her actions after she received legal custody
 of Child in 2004.  After an unsuccessful motion for reconsideration,
 alteration, or amendment of the order, Santiago filed this appeal.
DISCUSSION
Santiago contends the family court erred in awarding custody
 of Child to Camper based on her relocation to Texas.  We agree.
On August 16, 2004,
 after the emergency temporary order was signed but before it was filed, the
 supreme court issued Latimer v. Farmer, 360 S.C. 375, 602 S.E.2d 32
 (2004).  In Latimer, the court held that relocation by a custodial
 parent was, without more, not necessarily a change of circumstances warranting
 modification of a childs placement.  Id. at 382, 602 S.E.2d at 35. 
 Reiterating the longstanding emphasis on serving the childs best interest in
 making a custody determination, the court stated as follows:

 First,
 we recognize that standards imposing restrictions on relocation have become
 antiquated in our increasingly transient society.  Second, confusion abounds
 surrounding the status of our relocation law, in part, because of the often
 stated, but infrequently applied, presumption against relocation.  In all child
 custody cases, including relocation cases, the controlling considerations are
 the childs welfare and best interests.  The presumption against relocation
 is a meaningless supposition to the extent a custodial parents relocation
 would, in fact, be in the childs best interest.

Id. at 381, 602 S.E.2d at 34-35 (emphasis added).  The
 court went on to hold that the noncustodial parent, who had opposed the
 relocation of the child with the custodial parent and sought a change of custody
 based on this factor, bore the burden of establishing that (1) a substantial
 change in circumstances affecting the welfare of the child had occurred as a
 result of the relocation; and (2) a change in custody would be in the childs
 best interest.  Id. at 382, 602 S.E.2d at 35.  Moreover, despite the
 acknowledgement that relocation of a child with his or her custodial parent
 would almost always compromise the noncustodial parents visitation rights, the
 court unequivocally held that [i]t should not be assumed that merely
 relocating and potentially burdening the non-custodial parents visitation
 rights always negatively affects the childs best interests.  Id. at 382, 602 S.E.2d at 35.  The court then proceeded to consider several factors
 in determining whether the relocation warranted a change of custody, among them
 the availability of a realistic substitute visitation arrangement that will adequately
 foster an ongoing relationship between [the noncustodial parent] and Child.  Id. at 385, 602 S.E.2d at 37.
In support of its
 decision to award custody to Camper, the family court expressed great concern
 about Santiagos lack of honesty and forthrightness in her actions since she
 was granted custody in May, 2004.  Although Santiagos abrupt move to Texas without advance notice to Camper may have warranted this concern, this fact, without
 more, does not necessarily constitute a substantial change in circumstances
 affecting Childs welfare and warranting a change in custody.  Also troubling is
 the family courts apparent decision to approach the custody dispute as one in
 which Santiago, as the relocating party, had the burden to show that her decision
 to leave South Carolina was in Childs best interest.  As to Childs best
 interest, the only factor cited in the family court order as one that was
 affected by Santiagos move to Texas was Childs contact with Camper and both
 sides of Childs extended family.  As to that factor, the family court, without
 explanation, found there existed no realistic substitute visitation
 arrangement that would have adequately fostered an ongoing relationship between
 non-custodial parent and child after Defendant/Mother relocated to Texas, but
 apparently never considered the possibility of providing visitation through telephone
 contact or other means of communication.  See id. at 379, 602
 S.E.2d at 34 (noting the noncustodial parent who was opposing the childs relocation
 with the custodial parent was awarded extensive visitation including computer
 teleconferencing, e-mail, and telephone contact).
We therefore hold the family court, in changing
 custody of Child from Santiago to Camper, did not make a proper determination
 as to whether Santiagos relocation to Texas adversely affected Childs best
 interest.  For this reason, we reverse the decision to grant custody of Child
 to Camper and remand the matter to the family court for further proceedings
 consistent with this opinion.  On remand, the family court may consider any new
 evidence properly before it, including evidence concerning developments since
 the final merits hearing.  Custody of Child shall remain with Camper pending
 further order of the family court.
REVERSED AND
 REMANDED.
SHORT, THOMAS,
and PIEPER, JJ., concur.

[1]  The trial required three hearing dates:  March 29,
May 5, and September 7, 2006.